Jane Doe, Plaintiff Pro Se
P.O. Box 2205
River Vale, NJ 07675
201-922-8120 | janedoefederal0@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JANE DOE,<br>Plaintiff,<br>v.<br>RICHARD A. GONCI, JR., et al.,<br>Defendants. | Civil Action No. ______________<br><br>New Civil Action |

## Brief supporting pseudonym and limited sealing

Motion day: November 16, 2026, or another date directed by the Court.

### Relief requested

Plaintiff asks to litigate publicly as Jane Doe while disclosing her actual identity to the Court through a restricted submission. She also asks to use her P.O. Box publicly and to protect narrowly specified identifying information. Her allegations, legal theories, defendants' responses, and judicial decisions would remain subject to public access, with only court-approved redactions. A separate immediate request seeks temporary confidentiality until the Court decides the motion.

### Governing standards

Rule 10(a) ordinarily requires the parties' names in a complaint. Megless permits an exception when a reasonable fear of severe harm outweighs the interest in open proceedings; embarrassment or economic harm alone does not suffice. The analysis considers confidentiality to date, the reasons for feared disclosure, relevant public interests, possible prejudice, and the parties' motives in the particular case. 654 F.3d at 408-11.

Sealing is a separate, document-specific request. Local Civil Rule 5.3(c)(3) requires identification of the materials, the legitimate interest involved, the serious injury threatened, the absence of a less restrictive alternative, prior sealing orders, and known objections. Rule 5.3(c)(4) provides temporary treatment pending a sealing decision; subsection (c)(9) authorizes temporary judicial relief on an emergent application. Fed. R. Civ. P. 5.2(d)-(e) also permits appropriate sealing and additional privacy protection by order. The proposed index and orders address those requirements.

### The requested pseudonym addresses a concrete fear of serious harm

The complaint concerns alleged sexual coercion, assault, sexually explicit recordings and disclosures, and sensitive medical and psychiatric history. Plaintiff is a disabled private individual. Her declaration describes fear that public identification in connection with the detailed sexual allegations and recordings will aggravate her psychiatric symptoms and expose her to additional

harassment or retaliation. She also describes alleged immigration-related threats, pending immigration proceedings, and defendants' pursuit of immigration information in related litigation. These are offered as the factual grounds for her fear, rather than as an assertion that immigration consequences are certain or that anonymity would prevent lawful government access. Plaintiff also alleges neck and cervical spine injuries and lasting harm from sexually transmitted infections, including high-risk HPV associated with an increased risk of cancer. The nature, duration, and causation of these claimed injuries are subject to medical and expert proof.

Plaintiff acknowledges that her identity has appeared in related state litigation and is known to Gonci. She does not contend that prior public disclosure never occurred or that pseudonym use can erase existing records. That circumstance weighs against her request and should be considered candidly. The requested protection would limit a new, direct public association of her legal name and residential location with the allegations and private materials in this federal action. Her reported experience with public disclosure of domestic-violence transcripts gives additional context to that prospective concern.

The public can assess the substance of the trafficking and privacy allegations, the conduct alleged against each defendant, the defenses, and the Court's reasoning without unrestricted access to Plaintiff's legal name or home location. This case presents disputed facts rather than only abstract legal issues, and Plaintiff recognizes the ordinary public interest in knowing who invokes the courts. She nevertheless submits that the particularized safety and psychological concerns justify the limited exception sought. She is not a public official, seeks no concealment of her identity from the Court, and identifies no improper purpose for the request. No position concerning this new motion has yet been obtained from the defendants.

**The Court can preserve defendants' ability to defend**

The protected declaration identifies the individual bringing the case and connects the pseudonym to her true identity. Plaintiff seeks protection from unrestricted public disclosure. She does not ask the Court to bar defendants from receiving identity information reasonably necessary to investigate or defend the case. The Court can direct appropriate access and use, permit objections, and revisit the restriction if it impairs a fair defense. Any protection should remain subject to further order and applicable law.

**The sealing request is limited to the material identified in Appendix U**

The protected identity declaration and unredacted related-case supplement serve principally to disclose identifying information to the Court. Redacting their identifying content would leave little beyond the information already given in the public declaration and related-action certification. Restricted originals, coupled with those public counterparts, offer a narrower alternative to sealing the action or withholding the substantive complaint.

For the AO-239, Plaintiff requests temporary restriction of the completed unredacted application while the Court considers the requested redactions. Financial need alone is not asserted as a categorical basis to seal every income and expense amount. The requested lasting restrictions concern information that identifies Plaintiff or other protected persons, her residential street address, and personal identifiers subject to Rule 5.2 or a specific additional finding. A public redacted copy should preserve the financial information the Court determines may remain public. No financial supporting records should be sealed without identification and an adequate particularized basis.

The electronic-notice form uses the proposed Jane Doe contact details. No blanket seal of that public version is requested. If intake needs a legal-name registration form or identifying administrative linkage, Plaintiff asks that the specific identifying version receive temporary restricted treatment and that any permanent redactions be limited by order.

Local Civil Rule 10.1 generally requires street and post office addresses or an explanation for an omitted address. The accompanying declaration explains Plaintiff's request to withhold the residential street address from public papers and supplies a reliable P.O. Box for correspondence. The protected identity submission provides residential information or explains any inability to supply it. Plaintiff requests the Court's express permission for that arrangement.

**Interim relief and conclusion**

The temporary request is narrow because public disclosure during intake could defeat meaningful consideration of the motion. Plaintiff asks that the unredacted materials remain restricted until a ruling and that notice and opposition proceed as the Court directs. The public docket, proposed public complaint, motion, and nonidentifying supporting papers can remain available. No decision on liability or the truth of the complaint's allegations is requested.

Plaintiff respectfully requests entry of the proposed interim order, followed after the required process by an order permitting the Jane Doe caption, the P.O. Box, and only the specific lasting restrictions justified by the record.

Dated: October 23, 2026

*/s/ Jane Doe*

Plaintiff Pro Se